OPINION
This appeal arises from a judgment of the Court of Common Pleas of Hardin County, Juvenile Division, denying a motion for modification of child support filed by Appellant, Mathew J. Brakora. For the reasons that follow, we affirm the trial court's judgment on all matters presented.
This case has been appealed to this court on two previous occasions. See Brakora v. Haudenschield (Nov. 25, 1995), Hardin App. No. 6-95-9, unreported; Brakora v. Haudenschield (Apr. 22, 1998), Hardin App. No. 6-97-26, unreported. In the latter opinion, this court stated that it was not able to consider the testimony contained in a transcript that was submitted as part of the record because the transcript was not certified in accordance with the pertinent procedural rules.
More specifically, we clearly pointed out that because the testimony was recorded on tape and later transcribed by a court reporter that was not present in the courtroom at the time of the recording, it was necessary for the parties to proceed as provided in App.R. 9(C) in order to supply this court with the evidence necessary to complete our appellate review. See Loc.R. 5(D). Since it was apparent from the record that the transcript was not certified as it should have been, we refused to consider it as part of the record on appeal. As a result, we affirmed the judgment of the trial court with little discussion.
In the instant appeal, we are again faced with a situation where counsel has failed to furnish either a properly certified transcript of the proceedings or an appropriate statement of the evidence. As in the prior appeal, it is once more apparent from the record that the transcript from the hearing was tape recorded and later transcribed by a reporter who was not personally present during the recording. It is also obvious that neither App.R. 9(B), (C) nor (D) were satisfied. Thus, our review of the assignments of error is again thwarted since the most crucial part of the record is not available for our consideration.
Appellant sets forth four assignments of error, which we have elected to discuss out of their original order.
 Assignment of Error I The trial court erred as a matter of law and abused its discretion when it determined to impute $159,805 when it failed to consider the Ohio Revised Code [Section] 3113.215
in determining how and the amount of income to impute.
Assignment of Error IV
 The District Court abused its discretion, acted arbitrarily, and beyond its scope of authority when it determined the amount a physician had to earn.
In his first and fourth assignments of error, Appellant argues that the trial court has made an unreasonable, arbitrary or unconscionable decision in imputing income to him under R.C.3113.215(A)(5)(a). The Supreme Court has stated that "* * * the amount of `potential income' to be imputed to a child support obligor, [is a matter] to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion."Rock v. Cabral (1993), 67 Ohio St.3d 108, 112.
In the instant case, we are hampered in our consideration of Appellant's assertions due to the lack of a transcript of the testimony produced at the hearing. However, the trial court made significant findings of fact in its judgment entry, including a detailed explanation of its decision to impute income. Under these circumstances, Appellant cannot demonstrate that the trial court's decision was unreasonable or arbitrary. Thus, the first and fourth assignments of error are overruled.
 Assignment of Error II The court abused its discretion and erred as a matter of law when it determined that a change of circumstances did not exist.
In considering this assignment of error, we must rely upon the trial court's lengthy discussion and finding in its judgment entry that Appellant failed to demonstrate that a modification was warranted based upon a change of circumstances. As we previously stated, in the absence of a proper transcript as part of the record, Appellant has failed to demonstrate that the trial court's determination was unreasonable or arbitrary. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error III The court abused its discretion and erred as a matter of law when it failed to consider the best interests of [the child].
Appellant argues here that the child support order is not in the minor child's best interests because it is an amount that exceeds his reasonable needs. However, in the absence of a proper transcript, Appellant is again unable to illustrate that the trial court's decision constitutes an abuse of discretion. Thus, this assignment of error must likewise be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.